IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL ACTION NO.
                              )      2:12cr84-MHT
BARBARA MURRY,                )         (WO)
DOUGLAS MURRY,                )
DOUGLAS MURRY, III,           )
YOLANDA MOSES,                )
LEE MOSES,                    )
VERONICA TEMPLE,              )
JEFFREY TEMPLE,               )
ALMETTA JOHNSON,              )
and COURTNEY JOHNSON.         )

<u>OPINION AND ORDER</u>

This cause is before the court on all defendants'

motion to continue.  For the reasons set forth below, the

court finds that jury selection and trial, currently set

for July 30, 2012, should be continued pursuant to 18

U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the

sound discretion of the trial judge, <u>United States v.</u>

<u>Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act,

18 U.S.C. § 3161.  In pertinent part, the Act provides:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or
> indictment with the commission of an
> offense shall commence within seventy
> days from the filing date (and making
> public) of the information or
> indictment, or from the date the
> defendant has appeared before a judicial
> officer of the court in which such
> charge is pending, whichever date last
> occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day

period any continuance based on "findings that the ends

of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy

trial." § 3161(h)(7)(A).  In granting such a continuance,

the court shall consider, among other factors, whether

the failure to grant the continuance would "result in a

miscarriage of justice," § 3161(h)(7)(B)(i), or "would

deny counsel for the defendant or the attorney for the

Government the reasonable time necessary for effective

preparation, taking into account the exercise of due

diligence."  § 3161(h)(7)(B)(iv).

Counsel for the defendants urge this court to continue the trial date because of the voluminous discovery documents that the government has provided (over 11,000 thus far) and which each counsel must review in preparation of their defense.   In addition, the government intends on producing more documents relevant to the case, which have not been provided to defense counsel at this time.   Last, some of the defendants' lawyers have had trouble accessing the documents produced by the government thus far due to the government's data-encryption codes.   In proceedings held in open court where these reasons were explored and clarified, the court ordered that the government make available its information technology staff to resolve any of the access issues with the documents.

On the basis of the attestations made in open court and those in the defendants' motion, the court concludes that in this case the ends of justice served by granting a continuance outweigh the interest of the public and

each defendant in a speedy trial.  To put on an adequate
defense, defense counsel must have the opportunity not
just to read (at a painstakingly slow rate given some of
the technology problems with the documents) the record
once, they must understand the record well enough to test
the government's proof and to anticipate issues that may
pertain to each client vis-a-vis the other defendants in
this nine-defendant matter.  In addition, the government
does not oppose the motion for a continuance.

***

    Accordingly, it is ORDERED as follows:

    (1) Defendants Barbara Murry, Douglas Murry, Douglas
Murry, III, Yolanda Moses, Lee Moses, Veronica Temple,
Jeffrey Temple, Almetta Johnson, and Courtney Johnson's
motion for continuance (Doc. No. 87) is granted. (While
the motion was filed by defendant Courtney Johnson, all
other defendants orally joined in the motion at a hearing
on May 29, 2012.)

4

(2) The jury selection and trial for these defendants, now set for July 30, 2012, are reset for November 5, 2012, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The court recognizes that it has another multi-defendant case set for November 5, 2012.  One case will be tried after the other, with the oldest case going first.

DONE, this the 29th day of May, 2012.

　　　　　　　　　　　　　　　   /s/ Myron H. Thompson   
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE